ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ERIC V. M. LUCAS | ) | NO: 07-779 C |
| | ) | |
| | ) | FILED NOV 7 2007 U.S. COURT OF FEDERAL CLAIMS |
| VERSUS | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | COMPLAINT |
| | ) | |
| | ) | |

**COMPLAINT**

Now comes before this honorable court plaintiff Eric V. M. Lucas, a United States citizen currently domiciled in Moss Point Mississippi, who by these presents respectfully avers:

I.

Made defendant herein is the United States of America.

II.

Jurisdiction is invoked and sovereign immunity is waived in this matter pursuant to the Tucker Act 28 U.S.C. § 1491 and the Military Pay Act, 37 U.S.C. § 204. The matter is brought pursuant to 28 U .S.C. § 1491(a) for moneys due under the Constitution of the United States, an Act of Congress and/or the regulation of an executive department or in the alternative upon a express or implied contract with the United States.

III.

Plaintiff enlisted in the United States Naval Reserve on November 26, 1984.

IV.

On 25 November 1988, plaintiff was ordered to active duty in the United States Navy. He remained on continuous active duty until his discharge on 7 June 2007 for a total of 18 years,

six months and eight days.

V.

Prior to this period of active duty, plaintiff was on extended active duty, assigned to the *USS Duluth* (LPD 6) for a period of one year, seven months and three days.

VI.

Previously plaintiff had accrued three months and thirty-two days of active duty incurred during annual training.

VII.

Plaintiff lost eight months of retirement credit due to confinement pursuant to 10 U.S.C. § 972 less 24 days good time credit for a total loss of 7 months and 6 days.

VIII.

Plaintiff has served a total of 19 years 10 months and seven days of active duty.

IX.

Plaintiff has an additional two years, one month and eight days inactive duty time which qualifies him for a reserve retirement pursuant to 10 U.S.C. § 12732.

X.

On February 12-14 2002, plaintiff was tried at Naval Air Station, Pensacola, Florida before a General Court-Martial. The charges included assault, wrongful confinement and wrongful discharge of a firearm.

XI.

The convictions were Constitutionally infirm because plaintiff received ineffective assistance of counsel at the trial.

XII.

Plaintiff was sentenced to confinement for a period of 1 year, total forfeitures, reduction in pay grade to E-1, and a bad conduct discharge.

XIII.

The convening authority approved the findings and the sentence without clemency.

XIV.

After release from confinement, the plaintiff was placed in an unpaid appellate leave status.

XV.

On September 15, 2005, the Navy-Marine Corps Court of Criminal Appeals in an unpublished decision, (2005 WL 2375180 (N.M.Ct.Crim.App.)) set aside the conviction for one specification of assault and found that plaintiff had been denied due process by excessive delay in pre-trial review. They set aside the bad conduct discharge and forfeitures and approved only the reduction to E-1 and confinement for eight months.

XVI.

The United States improperly and illegally failed to recall plaintiff from appellate leave after the Navy-Marine Corps Court of Criminal Appeals set aside the punitive discharge.

XVII.

On May 26, 2006, the Court of Appeals for the Armed Forces denied the plaintiff's petition for review.

XVIII.

On October 10, 2006, the Supreme Court of the United States denied certiorari.

XIX.

On April 9, 2007, plaintiff, via Counsel, requested advancement to E-2 and to be transferred to the Fleet Reserve pursuant to 10 U.S.C. § 6330.

XX.

On 7 June 2007 plaintiff was discharged from the Naval service under the authority of Military Personnel Manual (MILPERSMAN) 1160-120 for high year tenure.

XXI.

Plaintiff was not provided the rights or procedures promulgated by the Secretary of Defense in DOD Directive 1332.14.

XXII.

Plaintiff had entered the "safe harbor" provisions of 10 U.S.C. § 1176 and could not be discharged prior to reaching twenty years of active service.

XXIII.

Discharges for cause within the scope of 10 U.S.C. § 1176 would have required separation pursuant to DoD Directive 1332.14.

XXIV.

Plaintiff did not receive separation pay for involuntary discharge as required by 10 U.S.C. § 1174 and neither the Secretary of Defense or the service Secretary made a determination that he was not due this pay.

XXV.

Plaintiff did not receive pay and allowances for the confinement time remitted by the Navy-Marine Corps Court of Criminal Appeals.

XXVI.

The plaintiff has not yet received his final pay or a substantial portion of his final pay pursuant to 10 U.S.C. § 1168 nor have he, his next of kin or his legal representative been notified that plaintiff's final pay or a substantial portion for his final pay is ready for delivery.

XXVII.

The continuation of plaintiff on appellate leave was void as a matter of law.

XXVIII.

Plaintiff is entitled to pay and allowances at the E-1 rate of pay from September 15, 2005.

XXIX.

Plaintiff should have been advanced to E-2 upon request and is entitled to pay and allowances at the E-2 rate from April 9, 2007.

XXX.

The purported discharge on June 7, 2007 was void as a matter of law pursuant to 10 U.S.C. §§ 1168 and 1176.

XXXI.

In the alternative, plaintiff is entitled to separation pay at the time of discharge pursuant to 10 U.S.C. § 1174 and Chief of Naval Operations Instruction (OPNAVINST 1900.4).

XXXII.

Plaintiff's conviction was Constitutionally infirm because he received ineffective assistance of counsel.

XXXIII.

Should this court so find the conviction constitutionally infirm, plaintiff should be paid

all pay and benefits at his E-6 rate and allowed to transfer to the Fleet Reserve in the E-6 paygrade.

XXXIV.

Plaintiff has completed sufficient service to be eligible for retired pay at age 60 pursuant to 10 U.S.C. §§ 12731 through 12733.

XXXV.

The United States has refused to grant plaintiff's request for reserve retirement by providing him a "Twenty Year Letter."

XXXVI.

The action for the United States in discharging plaintiff in violation of 10 U.S.C. §§ 1168 and 1176 is arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

XXXVII.

The action for the United States in continuing plaintiff on appellate leave is arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

XXXVIII.

In the alternative, if this court finds that the discharge was proper, the action for the United States in failing to pay plaintiff separation pay pursuant to 10 U.S.C. § 1174 is arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

XXXIX

The action of the United States in failing to pay plaintiff his pay and allowances for the time remitted by the Navy and Marine Corps Court of Criminal Appeals is arbitrary and

capricious, and contrary to the Constitution, law and regulations of the United States.

XL.

The action of the United States in failing to advance plaintiff to E-2 is arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

XLI.

The action of the United States in failing to pay plaintiff E-2 pay from April 9, 2007 is arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

XLII.

The action of the United States in failing to transfer plaintiff to the Fleet Reserve pursuant to 10 U.S.C. § 6330 is arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

XLIII.

The action of the United States in failing to provide him rights guaranteed by DOD Directive 1332.14 is arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States and deprived him of pay and allowances he would have otherwise accrued.

XLIV.

The action of the United States in failing to deliver plaintiff's final pay or a substantial portion of his final pay to plaintiff, his next of kin or legal representative is arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

XLV.

In the alternative, if this court finds that the plaintiff should not have been transferred to the Fleet Reserve, pursuant to 10 U.S.C. § 6330, the action of the United States in failing to provide a "Twenty Year Letter" to plaintiff vesting him with retirement benefits at age 60, pursuant to 10 U.S.C. §§ 12731 through 12733, is arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

XLVI.

The Military Pay Act at 37 U.S.C. § 204 provides that members of the armed services on active duty are entitled to the basic pay of the pay grade to which assigned or distributed, in accordance with their years of service computed.

XLVII.

The Military Pay Act at 37 U.S.C. § 403 provides that members of the armed services on active duty are entitled to the basic allowance for housing of the pay grade to which assigned.

XLVIII.

Paragraph 4810 of Volume 7A Chapter 48 of the DOD Financial Management Regulation, DOD 7000.14R change dated May 2005 provides in pertinent part:

> A member is entitled to reimbursement for pay withheld under an illegal sentence of a court martial.

XLIX.

Confinement in excess of eight months was found to be illegal by the Navy and Marine Corps Court of Criminal Appeals.

L.

The sentence of the original court-martial in excess of eight months of confinement and the forfeiture of pay and allowances was void *ab initio* from the time the conviction and sentence were set aside by the Navy and Marine Corps Court of Criminal Appeals.

LI.

10 U.S.C. § 875(a) provides:

> Under such regulations as the President may prescribe, all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disapproved, except an executed dismissal or discharge, shall be restored unless a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial or rehearing.

LII.

Defendant should have recalled plaintiff to active service retroactive to the authorized release date based on the remitted confinement.

LIII.

Defendant United States improperly deprived plaintiff of monetary benefits including pay, allowances and retired pay by failing to follow its Constitution and laws.

LIV.

Plaintiff enjoyed a property interest in accrued pay.

LVI.

Plaintiff enjoyed a liberty interest in not being forced to work in confinement without the military pay commensurate with his rank.

LVII.

Defendant United States deprived plaintiff of monetary benefits including pay and

allowances in violation of the due process clause requirement of the Fifth Amendment to the United States Constitution.

WHEREFORE PLAINTIFF PRAYS that this court:

1) Award plaintiff his basic pay and allowances retroactive to his court-martial since the conviction is Constitutionally void due to ineffective assistance of counsel.

2) Transfer plaintiff to the Fleet Reserve in the grade of E-6 upon completion of twenty years of active service pursuant to 10 U.S.C. § 6330, since his court-martial conviction is Constitutionally void due to ineffective assistance of counsel.

3) In the alternative restore plaintiff to active duty in a appropriate pay grade with full pay and allowances since his discharge was illegal pursuant to 10 U.S.C. §§ 1168 and 1176.

4) Restore plaintiff to active duty in an appropriate pay grade with full pay and allowances since he was not afforded the rights guaranteed by DOD Directive 1332.14.

5) In the event the court restores plaintiff to active duty because of an illegal discharge, transfer plaintiff to the Fleet Reserve in an appropriate pay grade upon completion of twenty years of active service pursuant to 10 U.S.C. § 6330.

5) In the alternative, pursuant to 10 U.S.C. § 875, void the involuntary assignment of plaintiff to appellant leave and restore him to active duty with commensurate pay and allowances in an appropriate pay grade retroactive to his confinement release date computed upon the period of confinement as remitted by the navy marine Corps Court of Criminal Appeals.

6) Promote plaintiff to the grade of E-2 with commensurate pay and allowances effective April 9, 2007.

7) Award plaintiff the pay and allowances in an appropriate pay grade for the period

of time in confinement remitted by the Navy and Marine Corps Court of Criminal Appeals.

8) In the alternative, award the plaintiff a "Twenty Year Letter" vesting him with a reserve retirement at age 60 pursuant to 10 U.S.C. §§ 12731-12733.

9) Any other action which the court deems to be just and equitable.

10) Costs of this action.

11) Attorney's fees pursuant to the Equal Access to Justice Act.

Respectfully Submitted,

John B. Wells
Attorney for the Plaintiff
LA Bar #23970
Post Office Box 5235
Slidell, LA 70469-5235 (mail)
769 Robert Blvd, Suite 201D
Slidell, LA 70458
985-641-1855
985-649-1536 (fax)