IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ERIC V.M. LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-779C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR REMAND**

Pursuant to Rule 52.2 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court remand this matter, for a period of 90 days, to the Department of the Navy ("Navy") for the following purposes: (1) to consider the claim of plaintiff, Eric V.M. Lucas, that he qualifies for a reserve retirement pursuant to 10 U.S.C. § 12732; (2) to consider Mr. Lucas's claim that the United States illegally failed to recall him from appellate leave after the Navy-Marine Corps Court of Criminal Appeals set aside his punitive discharge; (3) to consider Mr. Lucass' claim that he falls within the "safe harbor" provisions of 10 U.S.C. § 1176 and, therefore, could not be discharged prior to reaching twenty years of active service; (4) to consider Mr. Lucas's claim that he is entitled to pay and allowances at the E-1 rate of pay from September 15, 2005; (5) to consider Mr. Lucas's claim that he should have been advanced to the rank of E-2 upon request and is entitled to pay and allowances at the E-2 rate from April 9, 2007; (6) to consider Mr. Lucas's claim that his June 7, 2007 discharge is void as a matter of law pursuant to 10 U.S.C. §§ 1168 and 1176; (7) to consider Mr. Lucas's claim that he is entitled to separation pay at the time of his discharge pursuant to 10 U.S.C. § 1174 and Chief of Naval Operations Instruction (OPNAVINST 1900.4); (8) to consider any other matters that Mr. Lucas presents in writing to the Board For The

Correction of Naval Record ("BCNR") regarding his separation; and (9) for the BCNR to explain in detail the rationale supporting its final decision upon remand of Mr. Lucas's claim. Plaintiff's counsel has indicated that Mr. Lucas does not consent to the requested relief and intends to file a response in opposition to this motion.

In this action, Mr. Lucas alleges among other things, that his February 14, 2002 convictions at court-martial for aggravated assault (three specifications), wrongful discharge of a firearm endangering human life, wrongful communication of a threat, and kidnapping (two specifications), which initially resulted in a sentence of confinement for one year, total forfeiture of pay and allowances, reduction to pay grade E-1, and a bad-conduct discharge, were Constitutionally infirm. Compl. ¶ 11. On September 15, 2005, pursuant to Mr. Lucas's appeal of his convictions, the Navy-Marine Corps Court of Criminal Appeals set aside his conviction for one specification of assault and found that Mr. Lucas had been denied due process by excessive delay in pre-trial review. The appellate court set aside the bad conduct discharge and forfeitures and approved only the reduction to E-1 and confinement for eight months. United States v. Lucas, 2005 WL 2375180 (N.-M. Ct. Crim. App. 2005) (unpublished); Compl. ¶ 15.

Mr. Lucas contends that he should not have been discharged from the Navy on June 7, 2007 because he falls within the "safe harbor" provisions of 10 U.S.C. § 1176 and could not be discharged prior to reaching twenty years of active service. Id. ¶¶ 20-22. Additionally, Mr. Lucas contends that he did not receive pay and allowances for the confinement time remitted by the Navy-Marine Corps Court of Criminal Appeals. Id. ¶ 25. Further, Mr. Lucas alleges that he "has not yet received his final pay or a substantial portion of his final pay pursuant to 10 U.S.C. § 1168 nor have he, his next of kin or his legal representative been notified that plaintiff's final pay or a substantial portion for [sic] his final pay is ready for delivery." Id. ¶ 26. Further still,

Mr. Lucas contends that "[t]he continuation of plaintiff on appellate leave was void as a matter of law," and that he "is entitled to pay and allowances at the E-1 rate of pay from September 15, 2005." Id. ¶¶ 27-28.

Among other relief, Mr Lucas seeks an order from the Court resulting in: (1) award of basic pay and allowances to Mr. Lucas retroactive to his court-martial; (2) transfer of Mr. Lucas to the Fleet Reserve in the grade of E-6 upon completion of twenty years of active service pursuant to 10 U.S.C. § 6330; or, in the alternative, (3) restoration of Mr. Lucas to active duty "in a appropriate pay grade with full pay and allowances since his discharge was illegal pursuant to 10 U.S.C. §§ 1168 and 1176;" or, alternatively, (4) nullification of the assignment of Mr. Lucas to appellate leave and restoration of Mr. Lucas to active duty with commensurate pay and allowances; or, alternatively, (5) a promotion of Mr. Lucas to the grade of E-2 with commensurate pay and allowances, effective April, 9, 2007, and pay and allowances in an appropriate pay grade for the period "of time in confinement remitted by the Navy and Marine Corps Court of Criminal Appeals"; or, alternatively, (6) a "Twenty Year Letter" vesting Mr. Lucas with a reserve retirement at age 60 pursuant to 10 U.S.C. §§ 12731-12733. Compl. at Prayer For Relief.

Upon initial review of Mr. Lucas's records, it appears that Mr. Lucas may be entitled to some of the relief he seeks. However, prior to filing this action, Mr. Lucas did not seek relief from the BCNR. Because Mr. Lucas did not seek relief from the BCNR, the Navy has not had the opportunity to address Mr. Lucas's contentions and no administrative record has been created. If this case were to be remanded, the BCNR could address all of Mr. Lucas's contentions in the first instance. Then, subsequent to the issuance of a decision by the BCNR, Mr. Lucas would have the opportunity to challenge in this Court any findings of the BCNR with

which he may disagree based upon a full administrative record. King v. United States, 65 Fed. Cl. 385, 391 (Fed. Cl. 2005) (this Court's "review of military benefits decisions involving Correction Boards typically are based on an administrative record consisting of the documents and evidence that were before the Correction Board, any transcripts of proceedings, and the documents memorializing the board's determinations.").

Thus, a remand is necessary to allow the BCNR to consider Mr. Lucas's contentions and create a record of its decision. The BCNR has indicated that it expects the proceedings to last approximately 90 days after any remand order from this Court.

For these reasons, we respectfully request that the Court grant a voluntary remand to allow the BCNR to consider Mr. Lucas's claims in the first instance.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ David S. Silverbrand
DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit - 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 305-3278
Fax: (202) 353-7988
Attorneys for Defendant

OF COUNSEL:

JOSEPH B. JUDKINS
LCDR, JAGC, USN
Office of The Judge Advocate General
United States Navy

February 14, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 14th day of February, 2008, a copy of the foregoing motion for an enlargement of time, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David S. Silverbrand