**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ERIC V. M. LUCAS | ) | NO: 07-00779 C MCW |
| | ) | |
| | ) | Judge Williams |
| VERSUS | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |

**OPPOSITION TO DEFENDANT'S MOTION FOR REMAND**

**1.** **Facts.** Eric Lucas was a senior petty officer with a solid professional and personal reputation. His flawless career was cut short when he was charged with a number of felonies arising out of a shooting accident. The incident was indicative of bad judgment and alcohol abuse but was not the criminal acts alleged by the government. The lack of competent counsel coupled with the Military Judge's flagrant violation of the Manual for Courts-Martial, resulted in an unjust conviction.

The incident that gave rise to appellant's trial occurred in Pascagoula Mississippi This case arose when the appellant and two shipmates went to his house after their ship returned to home port. The three sailors consumed alcohol and played dice. A confrontation and an accidental shooting followed. Neither of the two shipmates was seriously hurt.

Mr. Lucas was tried before a General Court-Martial at Naval Air Station, Pensacola, Florida on 12-14 February 2002. He plead guilty to the wrongful discharge of a firearm and assault on SN Young. He plead not guilty to the remainder of the charges but was convicted of assault on SN Carpenter, communicating a threat to Carpenter and wrongfully confining the two sailors. BM1 Lucas was punished with confinement for a period of 1 year, total forfeitures, reduction in pay grade to E-1, and a bad conduct discharge. The convening authority approved

the findings and the sentence without clemency.

A post-trial polygraph revealed that appellant's story was truthful. Additionally, post-trial investigation revealed deficiencies with the safety of the Davis .380. Due to an inadequate investigation by defense counsel, this evidence was not discovered prior to trial.

The Navy and Marine Corps Court of Criminal Appeals set aside and dismissed the conviction for one specification as improvident and reassessed the sentence based on post-trial delay, approving only so much of the sentence extending to confinement for eight months and reduction to pay grade E-1.

Plaintiff was first ordered to active duty in the United States Navy on November 25, 1988. He remained on continuous active duty until his discharge on 7 June 2007 for a total of 18 years, six months and eight days. Prior to this period of active duty, plaintiff was on extended active duty, assigned to the *USS Duluth* (LPD 6) for a period of one year, seven months and three days. Previously plaintiff had accrued three months and thirty-two days of active duty incurred during annual training. Plaintiff lost eight months of retirement credit due to confinement pursuant to 10 U.S.C. § 972 less 24 days good time credit for a total loss of 7 months and 6 days. At the time of his discharge, he had completed 19 years 10 months and seven days of satisfactory active duty. Mr. Lucas military and pay records are held by the Department of Defense and are available to the Department of Justice.

**2. <u>Issue</u>**.

Whether remand to the Board for Correction of Naval Records is appropriate.

A. Access to Correction Boards is not required prior to bringing a case to the United States Court of Federal Claims.

B. Military Correction Boards do not have jurisdiction in matters arising out of courts-martial.

C. An adequate administrative record already exists.

3. **Argument**.

Remand to the Board for Correction of Naval Records is not appropriate.

A. Access to Correction Boards is not required prior to bringing a case to the United States Court of Federal Claims.

The government appears to be engaging in forum shopping in this matter. Assuming *arguendo* that the Board for Correction of Naval Records (BCNR) had jurisdiction over this matter, the plaintiff could have petitioned them. He chose not to do so and the defendant should not be in the position of forcing such a referral.

It is within the discretion of the BCNR to take appropriate action to correct the injustice in this case. *Doggett v. United States*, 207 Ct. Cl. 478 (1975) and the enabling statute empowers them only to correct an error or injustice. 10 U.S.C. § 1552(a)(1). The powers of the board are equitable in nature. *Saad v. Dalton*, 846 F.Supp. 889 (S.D. Calif 1994). The instant case, however, concerns legal error not equitable impropriety. The plaintiff believes that there is no special legal expertise within the BCNR that can better adjudicate the instant case. The matter will be decided on the interpretation and application of law, specifically, 10 U.S.C. §§ 972, 1168, 1174, 1176, 6330, 12731, 12732, 12733 and 37 U.S.C. §§ 204 and 403 and administrative regulations, specifically DOD Directive 1332.14. There is no guarantee that the persons making up the BCNR panel would even be attorneys, since the enabling statute only requires that they be "boards of civilians of the executive part of that military department." 10 U.S.C. § 1552(a)(1). If attorneys are assigned, they may act as advocates since they will be members of that executive

department.

It is well settled that a service member has the right to sue immediately upon discharge for funds he contends have been improperly withheld. *Martinez v. United States* 333 F.3d 1295, 1303 (Fed. Cir. 2003). It is not necessary for the military member to file a petition with the correction board prior to filing suit. *Id*. at 1304. Here the government is trying to impose a requirement to exhaust an administrative remedy when none exists.

In their motion, the government concedes that the plaintiff is entitled to at least some of the relief he seeks. (Def. Motion at 3). Perhaps resolution via the court's ADR program would be a better approach and the time wasted in a contested and useless remand to the BCNR could better be utilized in ADR. Plaintiff would support this approach.

Consequently, the court should not grant the Motion to Remand.

B. Military Correction Boards do not have jurisdiction in matters arising out of courts-martial.

Even if a remand to the BCNR was appropriate, it is not allowed. 10 U.S.C. § 1552(f) provides as follows:

> (f) With respect to records of courts-martial and related administrative records pertaining to court-martial cases tried or reviewed under chapter 47 of this title (or under the Uniform Code of Military Justice (Public Law 506 of the 81st Congress)), action under subsection (a) may extend only to–
> (1) correction of a record to reflect actions taken by reviewing authorities under chapter 47 of this title (or under the Uniform Code of Military Justice (Public Law 506 of the 81st Congress)); or
> (2) action on the sentence of a court-martial for purposes of clemency.

The courts have noted that Congress has expressly prohibited boards of correction from reviewing the records of courts martial except in very limited circumstances. *Piersall v. Winter* 435 F.3d 319, 323 (D.C. Cir. 2006). Here the issues raised by the plaintiff flow directly from his

court-martial. Since this action does not deal with actions of the reviewing authorities under 10 U.S.C. §§ 866 or 867 or for clemency. Thus the BCNR would not enjoy jurisdiction over the case.

C. An adequate administrative record already exists.

Plaintiff does not understand the allegation of the defendant that the Navy needs an opportunity to address the concerns and to create an administrative record. The Navy has had the opportunity to address the issue via the Commanding Officer of the Naval and Marine Corps Appellate Review Authority who improperly discharged plaintiff despite his request to the contrary. Additionally, the Defense Finance Center considered and rejected plaintiff's requests. The Navy has access to all of these documents plus plaintiff's military and pay record, court-martial record and the action of the various courts on appellate review. Given this administrative record and the applicable law the Navy is certainly able to prepare an answer or dispositive motion. Plaintiff is prepared to file a dispositive motion and will move forward pursuant to Rule 56. If the government is not willing to file an administrative record, plaintiff will file one.

**4. <u>Conclusion</u>.**

For the reasons delineated herein the defendant's motion should be denied. Plaintiff submits that he has exhausted all required administrative remedies. A remand to the BCNR would not be helpful and would only elongate the process and unjustifiably delay the proceeding.

Respectfully Submitted,

/s/ John B. Wells

John B. Wells
Attorney for the Plaintiff
LA Bar #23970
Post Office Box 5235
Slidell, LA 70469-5235 (mail)
769 Robert Blvd, Suite 201D
Slidell, LA 70458
985-641-1855
985-649-1536 (fax)

**CERTIFICATE OF SERVICE**

The undersigned certifies that the enclosed pleading was served via the court's CM/ECF system on all counsel by this 3rd day of March 2008.

/s/ John B. Wells
John B. Wells