IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ERIC V.M. LUCAS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-779C<br>(Judge Williams) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR REMAND**

Pursuant to Rule 7.1(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in support of its motion to remand these proceedings to the Board for Corrections of Naval Records ("BCNR"). Plaintiff, Eric V. M. Lucas, filed his response in opposition to our motion on March 3, 2008.

As we demonstrated in our motion to dismiss and reiterate below: (1) the BCNR has authority to correct the record in this matter; (2) any remand to the BCNR would be subject to further review by this Court; and (3) remand will allow preparation of a complete administrative record. In his response, Mr. Lucas contends that remand is inappropriate because the Government is "forum shopping," the BCNR does not possess jurisdiction, and an adequate remedy already exists. Pl. Response at 3-5. We address each of Mr. Lucas's arguments below.

## I. The BCNR Possesses Authority To Review All Of The Matters Requested By The Government For Remand

As we previously demonstrated, the BCNR possesses broad statutory power to "correct an error or remove an injustice" from "any military record." 10 U.S.C. § 1552(a)(1). Mr. Lucas contends that the BCNR does not possess authority to take action in this case because it arises out of a court-martial and, therefore, 10 U.S.C. § 1552(f) prohibits BCNR's review. Pl.

Response at 4-5. Additionally, Mr. Lucas contends that the BCNR's authority extends to matters of equity rather than law. Id.

Mr. Lucas's reliance upon 10 U.S.C. § 1552(f), for the proposition that remand to the BCNR would be inappropriate, is unavailing. Pl. Response at 3-4. Section 1552(f) limits the BCNR review of "records of courts-martial and related administrative records pertaining to court-martial cases tried or reviewed under [the Uniform Code of Military Justice]."[1] The Court of Federal Claims has long recognized, however, that the BCNR enabling statute "is remedial and to be liberally construed, rather than narrowly or technically." Oleson v. United States, 172 Ct. Cl. 9, 18 (1965) (citing 40 Ops. Atty. Gen. 504, 508 (1947); 41 Ops. Atty. Gen. 203, 206, 208 (1954)). Mr. Lucas correctly contends that the BCNR's authority would not extend to correcting "records of courts-martial" and pertinent related records. Pl. Response at 4-5. Those matters, however, are not the subject of this motion for remand.

Mr. Lucas's cause of action does, generally speaking, arise out of his conviction at a general court-martial for aggravated assault, wrongful discharge of a firearm endangering human life, wrongful communication of a threat, and kidnaping. See United States v. Lucas, 2005 WL

---

[1] Specifically, 10 U.S.C. § 1552(f) provides:

> With respect to records of courts-martial and related administrative records pertaining to court-martial cases tried or reviewed under chapter 47 of this title (or under the Uniform code of Military Justice (Public Law 506 of the 81st Congress)), action under subsection (a) may extend only to -
> (1) correction of a record to reflect actions taken by reviewing authorities under chapter 47 of this title (or under the Uniform Code of Military Justice (Public Law 506 of the 81st Congress)); or
> (2) action on the sentence of a court-martial for purposes of clemency.

237518 (N-M. Ct. Crim. App. 2005) (unpublished). However, the subject matter of that court-martial conviction is not the issue upon which we have requested a remand. Although Mr. Lucas alleged ineffective assistance of counsel in his complaint, Compl. ¶¶ 11, 32, all of the matters for which we have requested remand pertain to administrative issues of retirement eligibility, pay, promotion, and administrative separation.[2] By contrast, an adequate administrative record surrounding Mr. Lucas's ineffective assistance of counsel argument already exists in the form of the record of trial, which was reviewed by the Navy and Marine Corps Court of Criminal Appeals when it reached its determination that Mr. Lucas's ineffective assistance of counsel argument was without merit. Lucas, 2005 WL 237518.

Thus, even though Mr. Lucas's claims may be tangentially related to his court-martial conviction, BCNR possesses the authority to review the administrative issues of retirement eligibility, pay, promotion, and administrative separation that are the issues upon which we have requested remand. Mr. Lucas has not provided any basis for the Court to hold otherwise.

Mr. Lucas contends also that the BCNR is an equitable entity that lacks the authority to determine matters of law. Pl. Response at 3-4. Specifically, plaintiff argues that "*Doggett v. United States*, 207 Ct. Cl. 478 (1975) and the enabling statute empower[] [the BCNR] only to

---

[2] The specific matters upon which we seek remand for agency consideration are Mr. Lucas's claims that: (1) he qualifies for a reserve retirement pursuant to 10 U.S.C. § 12732; (2) the United States illegally failed to recall him from appellate leave after the Navy-Marine Corps Court of Criminal Appeals set aside his punitive discharge; (3) he falls within the "safe harbor" provisions of 10 U.S.C. § 1176 and, therefore, could not be discharged prior to reaching twenty years of active service; (4) he is entitled to pay and allowances at the E-1 rate of pay from September 15, 2005; (5) he should have been advanced to the rank of E-2 upon request and is entitled to pay and allowances at the E-2 rate from April 9, 2007; (6) his June 7, 2007 discharge is void as a matter of law pursuant to 10 U.S.C. §§ 1168 and 1176; and (7) he is entitled to separation pay at the time of his discharge pursuant to 10 U.S.C. § 1174 and Chief of Naval Operations Instruction (OPNAVINST 1900.4).

correct an error or injustice. 10 U.S.C. §1552(a)(1)." Pl. Response at 3. Mr. Lucas's contentions are incorrect.

In Doggett the Court held that the BCNR was not acting in an arbitrary or capricious manner when it refused to consider the petition of a Navy postal clerk whose "field advancement" was withdrawn because he was under investigation for black market activities and his performance was not as exceptional as initially believed. Doggett, 207 Ct. Cl. 483. Nothing in Doggett purports to limit the BCNR's ability to consider legal error.

Contrary to Mr. Lucas's contentions, the BCNR "can correct military records insofar as they comprise or mirror erroneous or mistaken legal views, although there is no change in the hard facts themselves." Oleson, 172 Ct. Cl. at 18. The legislative history of the Military Correction Boards makes clear "that the Correction Boards were initially authorized in 1946 to provide an administrative substitute for the enactment of private bills for the correction of military or naval records." Id. at 18 (citing Friedman v. United States, 159 Ct. Cl. 1, 38 (1962); Ogden v. Zuckert, 298 F.2d 312, 314-15 (D.C. Cir. 1961); 40 Ops. Atty. Gen. 504 (1947); 41 Ops. Atty. Gen. 12, 14 (1949); 41 Ops. Atty. Gen. 71, 73 (1951); 41 Ops. Atty. Gen. 203, 206-7 (1954)). Further, "[i]t would seem to follow that the Boards were given jurisdiction to change the legal conclusions imbedded in military records just as Congress could do, and had done, by private act." Oleson, 172 Ct. Cl. at 18. Thus, contrary to Mr. Lucas's contentions, the BCNR possesses the power to correct legal error in military records; its authority is not limited to matters of equity.

## II. Any Remand To The BCNR Would Be Subject To Further Review By This Court And Mr. Lucas's Failure To Exhaust Administrative Remedies Is Not At Issue

Mr. Lucas contends that "the government is trying to impose a requirement to exhaust an administrative remedy when none exists." Pl. Response at 4. As we demonstrate below, this contention is without merit.

Mr. Lucas misconstrues the purpose of our request for a remand. As we demonstrated in our motion, we seek a remand pursuant to Court of Federal Claims Rule 52.2(a)(1), which provides, "[a]t the request of a party or on its own motion, the court may in any case within its jurisdiction by order remand appropriate matters to any administrative or executive body or official with such direction as may be deemed proper and just." This rule reiterates the Court's authority to remand under the Tucker Act, which vests the Court with "the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2).

Pursuant to its Rules, the Court possesses the authority to remand proceedings as a matter of discretion. By seeking remand pursuant to this authority, the Government is not seeking to impose any additional requirements of exhaustion upon Mr. Lucas. If we believed exhaustion was required, we would not seek remand, but rather, would file a motion to dismiss for failure to exhaust administrative remedies. As we demonstrated in our motion, we seek a remand for 90 days during which the Navy can compile the facts of Mr. Lucas's separation, pay history, promotion eligibility, and retirement eligibility, create necessary paperwork, perform pertinent calculations, and reach a reasoned and clearly articulated conclusion as to these matters. At the conclusion of BCNR's review, the Court would have a complete administrative record before it

and be in a much better position to rule upon any of Mr. Lucas's remaining claims.

Thus, contrary to Mr. Lucas's assertion that a remand would "unjustifiably delay" the proceedings, a remand would efficiently deal with the controversy before the Court. Because Mr. Lucas did not initially petition BCNR, the Navy has not had the opportunity to address his contentions and create an administrative record. As we demonstrated in our motion, "[u]pon initial review of Mr. Lucas's records, it appears that Mr. Lucas may be entitled to some of the relief he seeks." Def. Mot. at 3. After remand, Mr. Lucas would likely be in a better position, the remaining issues before the Court would be clarified, and no judicial resources would have been diverted to the matter during that time frame. Additionally, if Mr. Lucas is concerned about the time it would take to accomplish the matter, the court can resolve this by "fix[ing] the duration of the remand period" and requiring a periodic status report on the progress of agency action. RCFC 52.2(a)(2) and (a)(5).

## III. Remand Would Allow The Navy To Review Mr. Lucas's Claims, Assemble Pertinent Documentation, And Arrive At A Final Agency Determination Of Those Matters Thereby Resolving Some Issues At The Agency Level And Focusing The Dispute For Any Remaining Controversy

Mr. Lucas contends that an administrative record already exists so there is no need for remand. Pl. Response at 5. Contrary to Mr. Lucas's assertions, there is an acute need to create a complete administrative record in this case.

As a general rule, "[r]emand is appropriate if the court cannot render judgment based on the administrative record before it." Knowledge Connections Travel, Inc. v. United States, 76 Fed. Cl. 6, 21 (2007). "If the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to

remand to the agency for additional investigation or explanation." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985).

In his complaint, Mr. Lucas makes several allegations pertaining to his pay, eligibility for retirement benefits, and his promotion eligibility. After being confined pursuant to felony convictions on February 14, 2002, Mr. Lucas was released on December 2, 2002 and voluntarily placed on appellate leave. Lucas, 2005 WL 237518. He remained on appellate leave until his administrative separation on June 7, 2007. Compl. ¶¶ 14, 20. During these five years, Mr. Lucas may have accrued time creditable toward an active or reserve retirement. To make that determination, however, Navy officials at the Bureau of Personnel's Retirements, Fleet Reserve, and Disability Retirements office must gather information about his creditable service and create a statement of service. To arrive at a final decision on the matter, the Navy must, among other things, conclusively resolve how to treat the appellate leave and how to account for the amount of Mr. Lucas's "lost time" while he was in the brig serving his court-martial sentence. See 10 U.S.C. §§ 972(a)(3) and 12732(b). An initial review of the matter indicates that Mr. Lucas may be eligible for a reserve retirement, but remand would allow a final agency decision to be made in the matter.

Regarding Mr. Lucas's claim that while on appellate leave after his 8-month confinement he fell within the "safe harbor" provisions of 10 U.S.C. § 1176 and, thus, could not be discharged prior to reaching twenty years of service, the Navy has not had the opportunity to create an administrative record regarding how the statue is interpreted by the Bureau of Personnel. The Bureau has not had the opportunity to address how 10 U.S.C. § 1176(a), the last sentence of which limits the safe harbor provisions in situations where the member is "sooner retired or

discharged under any other provision of law," affects or is affected by 10 U.S.C. § 1167, which provides plenary authority to the Secretary of the Navy to administratively separate a service member at any time when the service member has been sentenced to more than six months of confinement and has served that confinement time.[3] Remand would allow the Navy to arrive at a final agency decision as to whether Mr. Lucas qualifies for safe harbor pursuant to 10 U.S.C. § 1176.

Likewise, matters relating to whether Mr. Lucas is entitled to pay and allowances at the rank of E-1 or E-2 require an interpretation of the facts and circumstances surrounding Mr. Lucas's time on appellate leave. According to Bureau of Personnel Instruction (BUPERSINST) 1430.16F, enlisted advancements for service members in Mr. Lucas's situation must be effected locally.[4] Administrative paperwork, any requests for advancement from Mr. Lucas, and

---

[3] Section 1167 of title 10 provides:

> Except as otherwise provided in regulations prescribed by the Secretary of Defense, a member sentenced by a court-martial to a period of confinement for more than six months may be separated from the member's armed force at any time after the sentence to confinement has become final under chapter 47 of this title and the member has served in confinement for a period of six months.

[4]Paragraph 704(a), "Effecting Advancements to Paygrades E-2, E-3 and Striker Designations," of BUPERSINST 1430.16F provides as follows:

> a. Advancement to Paygrade E-2/E-3.
>
> Advancements to paygrade E2/E3 are automatically posted on the 16th day of a month by NAVPERSCOM (PERS-35). Qualified candidates who complete service requirement of 9 months between the 1st and 16th of the month will be advanced on the 16th day of that month; candidates who complete service requirement of 9 months on the 17th through the end of a month will be advanced on the 16th day of the following month. TIR [time-in-rate] date for advancement is determined per paragraph 216. E2/E3

documentation of agency decisions in this matter would help to flesh out the administrative record. A remand would allow the BCNR to assemble any relevant documents pertaining to this issue and to provide a final agency determination, thereby streamlining the process and clarifying the issues for determination at trial.

Mr. Lucas's claims for separation pay could also be resolved by BCNR.

Remanding to the BCNR would: (1) allow the agency to create a complete administrative record of all the issues in this case; (2) potentially avoid needless litigation by resolving disputes at the agency level; (3) focus the issues for judicial review; (4) apply agency expertise to complex matters of military pay and retirement; and (5) efficiently allocate judicial resources. At the end of the remand, the Court would be in a position to efficiently evaluate the agency action on the basis of a complete administrative record and Mr. Lucas would suffer no detriment as a result of the remand. In fact, Mr. Lucas would have the opportunity to challenge in this Court any findings of the BCNR with which he may disagree based upon a full administrative record. King v. United States, 65 Fed. Cl. 385, 391 (Fed. Cl. 2005) (this Court's "review of military benefits decisions involving Correction Boards typically are based on an administrative record consisting of the documents and evidence that were before the Correction Board, any transcripts of proceedings, and the documents memorializing the board's determinations.").

## CONCLUSION

For these reasons, we respectfully request that the Court grant a voluntary remand to allow the BCNR to consider Mr. Lucas's claims in the first instance.

---

advancements must be effected locally for personnel reduced in rate or if NAVPERSCOM (PERS-811/812) removed the prospective automatic advancement as requested.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ David S. Silverbrand
DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit - 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 305-3278
Fax: (202) 353-7988
Attorneys for Defendant

OF COUNSEL:

JOSEPH B. JUDKINS
LCDR, JAGC, USN
Office of The Judge Advocate General
United States Navy

March 12, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 12th day of March, 2008, a copy of the foregoing response to plaintiff's opposition to government's motion for remand, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David S. Silverbrand