IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ERIC V.M. LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-779C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

Defendant, the United States, responding to the correspondingly numbered paragraphs of the complaint, admits, denies, or avers as follows:

1. The allegation contained in paragraph 1 is plaintiff's characterizations of its case and a conclusion of law, to which no response is required; to the extent that the allegation contained in paragraph 1 may be deemed an allegation of fact, it is denied. Avers that the United States is the named defendant in this action.

2. The allegations contained in paragraph 2 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

3. Admits the allegations contained in paragraph 3 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

4. Admits the allegations contained in paragraph 4 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

5. Admits the allegations contained in paragraph 5 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

6. Admits the allegations contained in paragraph 6 to the extent supported by the

administrative record, which is the best evidence of its contents; otherwise denies the allegations.

7. The allegations contained in paragraph 7 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

9. The allegations contained in paragraph 9 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

11. The allegations contained in paragraph 11 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

12. Admits the allegations contained in paragraph 12 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

13. Admits the allegations contained in paragraph 13 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

14. Admits the allegations contained in paragraph 14 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

15. Admits the allegations contained in paragraph 15 to the extent supported by United States v. Lucas, 2005 WL 2375180 (N-M. Ct. Crim. App. 2005), which is the best

evidence of its contents; otherwise denies the allegations.

16. The allegations contained in paragraph 16 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

17. Admits the allegations contained in paragraph 17 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

18. Admits the allegations contained in paragraph 18 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

19. Admits the allegations contained in paragraph 19 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

20. Admits the allegations contained in paragraph 20 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

21. The allegations contained in paragraph 21 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law, to which no

answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

25. Admits the allegations contained in paragraph 25 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations.

26. The allegations contained in paragraph 26 are characterizations of plaintiff's case and conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

27. The allegations contained in paragraph 27 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

29. The allegations contained in paragraph 29 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

30. The allegations contained in paragraph 30 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

31. The allegations contained in paragraph 31 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

32. The allegations contained in paragraph 32 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

33. The allegations contained in paragraph 33 are characterizations of plaintiff's case and conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

35. Admits the allegations contained in paragraph 35 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denied.

36. The allegations contained in paragraph 36 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

37. The allegations contained in paragraph 37 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

38. The allegations contained in paragraph 38 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

39. The allegations contained in paragraph 39 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact,

they are denied.

40. The allegations contained in paragraph 40 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

41. The allegations contained in paragraph 41 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

42. The allegations contained in paragraph 42 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

43. The allegations contained in paragraph 43 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

44. The allegations contained in paragraph 44 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

45. The allegations contained in paragraph 45 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

46. Admits the allegations contained in paragraph 46 to the extent supported by 37 U.S.C. § 204, which is the best evidence of its contents; otherwise denies the allegations.

47. Admits the allegations contained in paragraph 47 to the extent supported by 37 U.S.C. § 403, which is the best evidence of its contents; otherwise denies the allegations.

48. Admits the allegations contained in paragraph 48 to the extent supported by paragraph 4810 of Volume 7A Chapter 408 of the Department of Defense Financial Management Regulation, DOD 7000.14R, which is the best evidence of its contents; otherwise denies the allegations.

49. The allegations contained in paragraph 49 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are admitted to the extent supported by the Navy and Marine Corps Court of Criminal Appeals decision referenced in paragraph 49, which is the best evidence of its contents; otherwise denies.

50. The allegations contained in paragraph 50 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

51. Admits the allegations contained in paragraph 48 to the extent supported by 10 U.S.C. § 875(a), which is the best evidence of its contents; otherwise denies the allegations.

52. The allegations contained in paragraph 52 are characterizations of plaintiff's case and conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

53. The allegations contained in paragraph 53 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

54. The allegations contained in paragraph 54 are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

55. The allegations contained in paragraph 55 (numbered LVI) are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

56. The allegations contained in paragraph 56 (numbered LVII) are conclusions of law, to which no answer is required; to the extent these allegations may be deemed to contain allegations of fact, they are denied.

57. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 56 (numbered LVII), to include the relief requested in subparagraphs (1)-(11), or to any relief whatsoever.

58. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully request this Court to (1) enter judgment in favor of defendant; (2) dismiss this action; and (3) provide defendant with such other relief and further relief as may be appropriate.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Patricia M. McCarthy for
REGINALD T. BLADES, JR.
Assistant Director

/s/ David S. Silverbrand
DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit - 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 305-3278
Fax: (202) 353-7988
Attorneys for Defendant

OF COUNSEL:

BREIER W. SCHEETZ
LT, JAGC, USN
Office of The Judge Advocate General
United States Navy

August 15, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 15th day of August, 2008, a copy of the foregoing "DEFENDANT'S ANSWER", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David S. Silverbrand